IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SALVADOR CALDERAS LOPEZ, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-26-4473 |
| ROBERT GUADIAN, et al., | * | |
| Respondents. | * | |

***

**ORDER**

Pending before the Court is Petitioner Salvador Calderas Lopez's Petition for Writ of Habeas Corpus (ECF No. 1). The Petition is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will grant the Petition in part.

Petitioner Salvador Calderas Lopez, according to Respondents Robert Guadian, Markwayne Mullin, and Todd Blanche (collectively, "Respondents" or "the Government"), is a native and citizen of Guatemala who entered the United States on or about January 1, 2007, (Notice to Appear at 1, ECF No. 10-1);[1] Calderas Lopez states that he has resided in the United States for nearly two decades, (Pet. Writ Habeas Corpus ["Pet."] ¶ 11, ECF No. 1). Calderas Lopez is a thirty-eight-year-old father of two U.S. citizen children (a nine-year-old and an eleven-year-old) and suffers from unspecified health conditions. (Id. ¶¶ 7, 11). Prior to his arrest by Immigration and Customs Enforcement ("ICE") on October 26,

[1] Citations to the record refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

2026, he had never encountered or been apprehended by United States immigration officials. (Resp. Opp'n Pet. Writ. Habeas Corpus ["Resp."] at 4, ECF No. 10; Pet'r's Reply Resp. Habeas Petition at 2, ECF No. 11).

On October 26, 2026, Calderas Lopez drove to work alone in a white pickup truck. (Pet. ¶ 12). When he arrived, three unmarked vehicles followed him into the parking lot. (Id.). ICE Removal and Enforcement officers, who were in the area "based on investigatory leads for another noncitizen" and "had conducted checks on various vehicles," exited the unmarked vehicles and approached him. (Id.; Resp. at 4). The officers had conducted a check of Calderas Lopez's vehicle and determined, based on the vehicle registration and immigration databases, that he "had no alien registration number (A-number) and was inadmissible from an unknown country." (Resp. at 4). Upon approaching Calderas Lopez, the officers confirmed his identity, handcuffed him, and arrested him. (Pet. ¶ 12; Resp. at 4). After detaining Calderas Lopez and determining that he should remain in custody, the officers issued him a Notice to Appear ("NTA"), a Notice of Custody Determination, and a Warrant for Arrest of Alien ("Form I-200"). (Resp. at 4; see generally Notice to Appear; Notice of Custody Determination, ECF No. 10-2; Form I-200, ECF No. 10-3). That same day, ICE officers transported Calderas Lopez to the Baltimore Hold Room. (Pet. ¶ 13). From the Baltimore Hold Room, ICE transported him to Farmville Detention Center in Farmville, Virginia, where he is presently detained. (Resp. at 4; Notice to Appear at 1).

Calderas Lopez filed his Petition for Writ of Habeas Corpus on October 26, 2026, the day of his arrest (ECF No. 1). He seeks immediate release from immigration detention for alleged violations of the warrantless arrest authorities at 8 U.S.C. § 1357 and 8 C.F.R.

§ 287.8, the detention statute at 8 U.S.C. § 1226, the Fourth Amendment to the United States Constitution, the Accardi doctrine, and the Administrative Procedure Act ("APA") (Count I); his Fifth Amendment substantive due process rights (Count II); and his Fifth Amendment procedural due process rights (Count III). (Pet. ¶¶ 22–36). The Government responded to the Petition on November 9, 2026. (ECF No. 10).[2] Calderas Lopez filed a Reply on November 12, 2026. (ECF No. 11).

This case is factually and legally similar to other cases in this District, including Gavilan Sanchez v. Liggins, No. MJM-26-2346 (D.Md. June 12, 2026), Acevedo Sanchez v. Liggins, No. JRR-26-2345 (D.Md. June 12, 2026), and Santos Gomez v. Guadian, No. GLR-26-3078 (D.Md. Aug. 6, 2026). Like the petitioners in those cases, Calderas Lopez was served with a Form I-200 and an NTA only after his initial arrest and detention and, consequently, was subject to a warrantless arrest. (Resp. at 4 (noting that Calderas Lopez "was placed under arrest" and "was then issued" an NTA and Form I-200)); see Hr'g Tr.

[2] The Government devotes nearly four pages of its Response to the argument that 8 U.S.C. § 1252(g) bars this Court from exercising jurisdiction over Calderas Lopez's claims. (Resp. Opp'n Pet. Writ. Habeas Corpus at 8–11, ECF No. 10); see 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). The United States Court of Appeals for the Fourth Circuit has, however, already rejected that argument. See Suri v. Trump, 184 F.4th 260, 284–85 (4th Cir. 2026) (holding that 8 U.S.C. § 1252(g) does not "deprive the district court of habeas jurisdiction" because "claims challenging . . . detention are legally separate from the Government's decision to begin removal proceedings" and "are wholly independent of the removal process"); see also Doe v. Guadian, No. SAG-26-3330, 2026 WL 2686771, at *1 (D.Md. Sep. 14, 2026) ("[T]his Court is bound by current Fourth Circuit precedent, and declines to ignore the Fourth Circuit's recent published opinion in Suri v. Trump, 184 F.4th 260 (4th Cir. 2026). Applying the Fourth Circuit's jurisdictional determinations, as this Court must and as [Respondents] failed to do, the Court finds that it has subject matter jurisdiction over these claims.").

2:24–5:10, Gavilan Sanchez, No. MJM-26-2346 (D.Md. July 15, 2026) (ECF No. 18); Hr'g Tr. 35:21–36:06, Acevedo Sanchez, No. JRR-26-2345 (D.Md. July 23, 2026) (ECF No. 18); Am. Mem. Op. at 9–10, Santos Gomez, No. GLR-26-3078 (D.Md. Aug. 28, 2026) (ECF No. 17).

Additionally, as in Gavilan Sanchez, Acevedo Sanchez, and Santos Gomez, there is no evidence in the record to suggest that Calderas Lopez was likely to escape before a warrant could be obtained. See Hr'g Tr. 51:1–11, Gavilan Sanchez, No. MJM-26-2346 (D.Md. July 15, 2026) (ECF No. 18); Hr'g Tr., 36:1–38:15, Acevedo Sanchez, No. JRR-26-2345 (D.Md. July 23, 2026) (ECF No. 18); Am. Mem. Op. at 7–10, Santos Gomez, No. GLR-26-3078 (D.Md. Aug. 28, 2026) (ECF No. 17). Respondents argue that officers had probable cause to believe that Calderas Lopez was unlawfully present in the United States "because he was a noncitizen with no country of origin after vehicle registration and immigration checks were completed based on his vehicle plate." (Resp. at 12). But probable cause to believe a noncitizen is present in the United States in violation of U.S. immigration law is not enough to conduct a warrantless arrest of that noncitizen when the officer does not also have probable cause to believe the noncitizen is likely to escape before the officer can obtain a warrant. See Am. Mem. Op. at 7–9, Santos Gomez, No. GLR-26-3078 (D.Md. Aug. 28, 2026) (ECF No. 17). The Government argues that "[b]ecause [Calderas Lopez] had been in the United States without having encountered ICE, he was capable of avoiding and escaping before an NTA and Warrant could be issued." (Resp. at 13). This Court, however, has already rejected a materially similar argument. See Am. Mem. Op. at 7–8, Santos Gomez, No. GLR-26-3078 (D.Md. Aug. 28, 2026) (ECF No. 17)

(rejecting argument that officers had probable cause to believe petitioner was likely to escape because he "ha[d] shown capable of evading immigration officials by entering the United States, without admission, [and] failing to comply with his duty to register with the government" (second alteration in original)).

Therefore, this Court will incorporate and adopt the analyses in Gavilan Sanchez, No. MJM-26-2346, Acevedo Sanchez, No. JRR-26-2345, and Santos Gomez, No. GLR-26-3078,[3] conclude that ICE officers conducted an unlawful and warrantless arrest of Calderas Lopez in violation of § 1357(a)(2), and will order Calderas Lopez's immediate release from immigration detention.[4] See Hr'g Tr. 49:11–51:11, Gavilan Sanchez, No. MJM-26-2346 (D.Md. July 15, 2026) (ECF No. 18); Hr'g Tr. 33:4–38:15, Acevedo Sanchez, No. JRR-26-2345 (D.Md. July 23, 2026) (ECF No. 18); Am. Mem. Op. at 4–11, Santos Gomez, No. GLR-26-3078 (D.Md. Aug. 28, 2026) (ECF No. 17).

---

[3] The Court also finds persuasive the analyses in cases from other districts. See, e.g., Arrioja Blanco v. Valdez, No. 26-cv-03312-PAB, 2026 WL 2267337, at *2 (D.Colo. Aug. 6, 2026); Hector J.A.S. v. Shea, No. CV 26-2242 (JRT/DLM), 2026 WL 1243500, at *2–3 (D.Minn. May 6, 2026); Morelos Valdovinos v. Noem, No. 1:26-CV-0338 JB/DLM, 2026 WL 948285, at *4–8 (D.N.M. Apr. 8, 2026), report and recommendation adopted in part sub nom., Valdovinos v. Noem, No. CIV 26-0338 JB/DLM, 2026 WL 2255156 (D.N.M. Aug. 5, 2026); Espinoza-Avalos v. Blanche, No. 8:26CV191, 2026 WL 1396593, at *2–3 (D.Neb. May 19, 2026); Juan J.M.E. v. Easterwood, No. 26-CV-2270-KMM-EMB, 2026 WL 1746672, at *3–4 (D.Minn. June 8, 2026), report and recommendation adopted sub nom., Juan M.E. v. Easterwood, No. 26-CV-2270 (KMM/EMB), 2026 WL 1747756 (D.Minn. June 17, 2026); Venancio P.J. v. Blanche, No. 26-CV-2740 (ECT/JFD), 2026 WL 1862252, at *2–3 (D.Minn. June 29, 2026).

[4] Having granted the Petition on the violation of 8 U.S.C. § 1357(a)(2) claim in Count I, the Court declines to reach the merits of Calderas Lopez's other claims and will deny them as moot. (See Pet. Writ Habeas Corpus ¶¶ 22–36, ECF No. 1).

Accordingly, it is this 13th day of November, 2026, by the United States District Court for the District of Maryland, hereby:

ORDERED that Calderas Lopez's Petition (ECF No. 1) is GRANTED as to the violation of 8 U.S.C. § 1357(a)(2) claim in Count I and DENIED as MOOT as to Counts II–III and the remaining claims in Count I;

IT IS FURTHER ORDERED that Respondents shall RELEASE Calderas Lopez from immigration custody by **5:00 p.m. today, November 13, 2026**;

IT IS FURTHER ORDERED that Respondents shall FILE a status report no later than 5:00 p.m., November 16, 2026, confirming compliance with this Order; and

IT IS FURTHER ORDERED that the Court shall retain jurisdiction over this matter to enforce compliance with this Order.

/s/
George L. Russell, III
Chief United States District Judge